N.Y. Park N. Salem Inc. v ADBH 22nd Floor Inc. (2025 NY Slip Op 01774)

N.Y. Park N. Salem Inc. v ADBH 22nd Floor Inc.

2025 NY Slip Op 01774

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Moulton, J.P., Gesmer, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 656616/20|Appeal No. 3785|Case No. 2024-03757|

[*1]N.Y. Park N. Salem Inc., Appellant,
v
ADBH 22nd Floor Inc., Respondent.

Gary J. Wachtel, New York, for appellant.
Law Offices of Fred L. Seeman, New York (Fred L. Seeman of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered on or about June 3, 2024, which granted the motion of plaintiff landlord N.Y. Park N. Salem Inc. to renew its application for an award of use and occupancy, and, upon renewal, adhered to its original determination, unanimously affirmed, without costs.
Landlord and tenant, ADBH 22nd Floor, Inc., were parties to a written lease, commencing on August 31, 2017, for the premises located on the 22nd floor of the building located at 30 East 60th Street, in Manhattan. Pursuant to article 2 of the lease, tenant shall use and occupy the demised premises for the purpose set forth in the rider. Article 42(A) of the lease, which is contained in the rider, requires the tenant to use and operate the premises as a "high-quality spa engaged in providing Nano color infusion, high quality spa services, beauty, health, and wellness-related services . . . and for no other purpose." Article 43(A)(2) provides that the landlord must deliver a temporary certificate of occupancy (TCO) to the tenant authorizing use and occupancy as contemplated in article 42. On November 9, 2023, the tenant received the TCO, which classified the premises as occupancy group B and zoning use group 10. However, it is not clear that these classifications include a high-quality spa in conformity with article 42 of the lease (see NY City Bldg Code [Administrative Code of City of NY, title 28, ch 7] § BC 304.1; New York City Zoning Resolution § 32-16).
Supreme Court properly granted the landlord's motion to renew because the issuance of the TCO after the court's August 29, 2023, order constituted a new material fact that did not exist at the time of the prior motion (CPLR 2221[e][2]). Upon granting renewal the court properly adhered to its prior order, which awarded use and occupancy at the rate of 10% of the monthly rental rate during the pendency of the action. The landlord failed to establish that the TCO allows for the use of the premises as set forth in the lease. Furthermore, the court has broad discretion in awarding use and occupancy pendente lite (see Real Property Law § 220; 43rd St. Deli, Inc. v Paramount Leasehold, L.P., 107 AD3d 501, 501 [1st Dept 2013]).
We have considered tenant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025